LEMMON, Justice,
dissenting.
I basically agree with the majority’s interpretation of the extradition statute and the application of that statute to the facts of this case. However, I disagree in the result on an entirely unrelated basis.
The affidavit made before the Texas magistrate does not substantially charge defendant with having committed a crime under the law of that state, as required by C.Cr.P. art. 263, because the statement of facts does not allege facts establishing that a criminal act was committed by defendant in Texas. The statement (attached to this court’s opinion on original hearing) alleges that defendant (a Louisiana resident) issued a check on a Louisiana bank, when there were insufficient funds in the bank for payment of the check, and that the check was thereafter presented to the drawee bank, which refused payment because of insufficient funds.[1] Although the statement concludes with a general assertion that the “acts complained of were intentionally committed by the accused in the State of Texas”, there is no precise allegation of any specific criminal act in Texas. I would reject the demand for extradition.

. Incidentally, the Texas statute contains an unconstitutional presumption of criminal intent, which shifts the burden to defendant to prove his innocence. See State v. McCoy, 395 So.2d 319 (La.1980).